**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR-08-1424-PHX-ROS (LOA) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Nick Andrew Montoya, Jr., | ) | |
| Defendant. | ) | |

A pretrial revocation hearing was held on May 18 and 19, 2009, on the Petition for Revocation of Pretrial Release. (docket # 24) The Government was represented by AUSA Sharon K Sexton. Defendant was present and represented by CJA counsel, Robert J Kavanagh. Court proceedings were electronically recorded.

The Court's file reflects Defendant was indicted on December 2, 2008 on child pornography charges. Defendant was released on conditions on December 9, 2008 and on January 20, 2009 his release conditions were slightly modified to include a residential curfew in lieu of home detention with exceptions. (docket # 15) On April 27, 2009, Defendant entered into a plea agreement with the Government, pleading guilty to Count 2, Possession of Child Pornography, a Class 3 felony. Sentencing was initially scheduled for June 22, 2009 but was continued on May 20, 2009 to August 24, 2009 before the assigned District Judge, the Honorable Roslyn O. Silver.

The subject Petition was filed on May 13, 2009, alleging that on May 5, 2009,

1  without the preapproval of his supervising Pretrial Services ("PTS") Officer, Pete Rea,
2  Defendant "remained at a residence [overnight] in Scottsdale." (docket # 24)  The relevant
3  release conditions are: 1) Defendant is restricted to his residence everyday from 10 p.m. to
4  5:30 a.m. or as otherwise directed by his supervising officer, and 2) Defendant shall have no
5  contact with minors unless supervised by a responsible adult, age 21 years or older and no
6  overnight visits with any minors."   (docket # 15)

7  The hearing evidence indicated that Defendant spent the evening and night of
8  May 5, 2009 at the residence of an adult female friend, Tonya Copeland, a single parent, with
9  her knowledge and consent. This Scottsdale residence is also the home of Ms. Copeland's
10 three minor children-two boys, ages 13 and 4, and one girl, age 9.

11 The Court **FINDS** by clear and convincing evidence that Defendant failed to
12 obtain his PTS Officer's consent and permission to reside overnight at the Scottsdale
13 residence. Defendant violated the terms of his pretrial release.

14 The Court **FURTHER FINDS** that Defendant lied to PTS Officer Rea when
15 Defendant denied any children lived at Ms. Copeland's residence. Several days later when
16 Officer Rea was going to call Ms. Copeland to confirm no children lived at or were present
17 at the residence the night of May 5, Defendant admitted her 3 children were present when
18 he spent the night.

19 The foregoing clear act of deception and others, like intentionally breaking
20 Ms.
21 Copeland's cell phone charger, with her consent, to force it to fit and charge his GPS tracking
22 device so that it would not alert Officer Rea that Defendant was not at his residence during
23 the curfew hours and the almost daily visits to Ms Copeland's residence under the ruse he
24 was replacing her hot-water heater at all times, lead this Court to **FURTHER FIND** that
25 Defendant is unlikely to abide by release conditions that would reasonably assure his
26 appearance at future court proceedings and ensure the safety of the community.

27 Having plead guilty to a serious felony on April 27, 2009, Defendant bears the
28 burden of demonstrating "[b]y clear and convincing evidence that [he] is not likely to flee

or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) . . . ."  18 U.S.C. § 3143. Defendant has not met his burden.

Accordingly,

**IT IS ORDERED** that Defendant shall be detained until further order of the assigned District Judge.

DATED this 26th day of May, 2009.

_____
Lawrence O. Anderson
United States Magistrate Judge